# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  Plaintiff,  vs.  **TROY ARTHUR,**  Defendant. | CASE NO: CR03-074-C-EJL  **MEMORANDUM ORDER** |

Pursuant to United States v. Booker, 125 S. Ct. 738, 769 (2005) and United States v. Ameline, 409 F.3d 1073, 1084-85 (9th Cir. 2005) (en banc), the Ninth Circuit remanded this case to allow the Court to consider whether it would impose the same sentence had the sentencing guidelines been advisory rather than mandatory at the time of the original sentencing. See Docket No. 62. The Defendant subsequently filed a Motion for Resentencing (Docket No. 65) and the United States filed a response to the motion. No reply brief was filed by the Defendant.

For the reasons set forth below, the Court has determined that it would not have imposed a materially different sentence under advisory guidelines. Thus, Defendant's original sentence stands, subject to appellate review based on the Booker reasonableness standard. See Ameline, 409 F.3d at 1074-75; 1085.

## BACKGROUND

Defendant Troy Arthur pled guilty to sexual abuse of a minor, in violation of 18 U.S.C. § 2243(a). The Court sentenced Mr. Arthur to 33 months imprisonment to be followed by 3 years supervised release and $100 special assessment fee. See Judgment (Docket No. 56). At the sentencing hearing, the Defendant objected to the 2 level increase pursuant to § 2A3.2(b)(1) arguing

such an increase was factually and legally incorrect. The Court denied the objection and adopted the Presentence Investigation Report. The Defendant filed a direct appeal and the Ninth Circuit remanded the sentence for further proceedings consistent with <u>Ameline</u>.

In accordance with the procedures set forth in <u>Ameline</u>, the Court provided Defendant with an opportunity to opt out of resentencing and sought briefs from counsel regarding whether or not the sentence should be materially different. In his brief, Defendant contends that he should be resentenced as the Court improperly increased the then mandatory guidelines range under § 2A3.2(b)(1). The Government responds that the application of § 2A3.2(b)(1) was proper and the Court should not impose a materially different sentence under the now advisory Sentencing Guidelines.

## APPLICABLE LAW AND DISCUSSION

<u>Ameline</u> instructs that if a district court judge determines that the sentence imposed would not have differed materially under an advisory guideline scheme, the judge "should place on the record a decision not to resentence, with an appropriate explanation." <u>Id.</u> at 1085.

In making its determination on remand, the Court has examined Presentence Report and Addendum prepared for the original sentencing; Defendant's Objections to Presentence Investigator's Report (Docket No. 49); the Government's response to Defendant's Objections (Docket No. 53), the transcript of the original sentencing hearing, the briefs of the parties, and <u>Booker</u> and <u>Ameline</u>.

While many Defendants have argued before this Court that the Guidelines should not be the starting point for determining a reasonable sentence, this Court has consistently adhered to the principle that the guidelines *are* the starting point and that a sentence should be outside the guidelines only if the guidelines sentence is unreasonable after taking into consideration the factors

enumerated in 18 U.S.C. § 3553(a).[1] The Court will apply that approach when addressing the issue raised by Defendant.

Defendant maintains that the two level increase pursuant to § 2A3.2(b)(1) should not have been applied. Section 2A3.2(b)(1) provides '[i]f the minor was in the custody, care, or supervisory control of the defendant, increase by 2 levels."[2] Application Note 2 provides some guidance to the Court in applying subsection (b)(1):

> Subsection (b)(1) is intended to have broad application and is to be applied whenever the minor is entrusted to the defendant, whether temporarily or permanently. For example, teachers, day care providers, baby-sitters, or other temporary caretakers are among those who would be subject to this enhancement. In determining whether to apply this enhancement, the court should look to the actual relationship that existed between the defendant and the minor and not simply to the legal status of the defendant-minor relationship.

In this case, it is undisputed that the Defendant was the cousin to the minor and the minor's mother was the Defendant's aunt. The Defendant offered to babysit and supervise the daughter of his aunt while his aunt was at work. The factual situation of this case is the type the Sentencing Guidelines describe in the Application Notes. A 29 year old man watching a 14 year old girl while her mother is at work is a situation where the mother has "temporarily" entrusted the Defendant with custody, care and supervision of her child. Defendant's argument the sexual relationship was consensual is not relevant to the Court's determination that the Defendant had "custodial power" over the minor. Clearly, the Defendant in this case had custody and control over the minor and the increase pursuant to § 2A3.2(b)(1) was properly applied in this case.      Additionally, the Court adopts the Presentence Investigation Report and the Addendum as well as the Court's rulings at the sentencing hearing as a basis for denying Defendant's argument the specific offense characteristic was not properly applied.

After addressing the only legal challenge presented by the Defendant in the motion for

---

[1] The § 3553(a) factors may be summarized as: nature and circumstances of the offense; history and characteristics of the defendant; need to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; need for adequate deterrence; need to protect the public; need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment; kinds of sentences available; kinds of sentences and sentencing range established by the Guidelines; Sentencing Commission policy statements; need to avoid sentencing disparities; and the need for restitution.

[2] The Sentencing Guidelines now provide for an increase of 4 levels, but the Guidelines in effect at the time of the criminal conduct in 2001 provide only for a 2 level increase.

resentencing, the Court finds the Defendant's sentence would not have been materially different under advisory guidelines and the motion should be denied.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion for Resentencing (Docket No. 65) is DENIED.

IT IS FURTHER HEREBY ORDERED that the sentence imposed on June 24, 2004 would not have been materially different under advisory guidelines. See Judgment, Docket No. 56. Therefore, the original sentence stands, subject to appellate review based on the reasonableness standard established in Booker.

DATED: **April 5, 2006**

Honorable Edward J. Lodge
U. S. District Judge